UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARNELL Mc GARY,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTINE GREGOIRE *et al.*,<br><br>    Defendants. | Case No.  C07-5587RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**December 7, 2007** |

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Review of Mr. Mc Gary's application to proceed *in form pauperis* and review of the complaint discloses that Mr. Mc Gary is challenging the fact of his commitment and seeks damages for the length of time he has been civilly committed at the Special Offenders Center (Dkt. # 1, proposed complaint).

    Mr. Mc Gary does not show that his state civil commitment has been overturned or invalidated by way of habeas corpus.  His action cannot proceed as a civil rights action.  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  In his proposed complaint Mr. Mc Gary names the governor of the state of Washington, Assistant Attorneys Generals who may have represented the state in his civil commitment proceedings, and personnel at the Special Commitment Center.  He challenges the diagnosis used to civilly commit him and the legality of the state proceedings (Dkt # 1, proposed complaint).  While Mr. Mc Gary makes a cursory allegation of racial animus, (Dkt. # 1, proposed complaint, page 9 ¶ 5.15), he provides no facts to support his claim or link his

REPORT AND RECOMMENDATION
Page - 1

allegation to any named defendant.

The court recommends plaintiff's application to proceed *in forma pauperis* be denied as this action fails to state a claim and is subject to dismissal under 28 U.S.C. 1915 (e)(2)(B)(ii). It does not appear to the court that amendment can cure this defect.

## DISCUSSION

When a complaint fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e) (2)(B)(ii). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)). The complaint fails to state a cause of action.

Plaintiff alleges he was illegally committed (Dkt. # 1, proposed complaint, page 4). Were plaintiff to prevail, the decision would call into question the propriety of his current confinement. Plaintiff must proceed in habeas corpus. This action should be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

REPORT AND RECOMMENDATION
Page - 2

parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 7, 2007,** as noted in the caption.

DATED this 13 day of November, 2007.

<u>/S/ *J. Kelley Arnold*</u>
J. Kelley Arnold
United States Magistrate Judge